HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: vhaberbush@lbinsolvency.com

Attorneys for Debtor and Debtor-in-Possession




CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

In re

ST. LUKE BAPTIST CHURCH, dba ST. LUKE HOLY BAPTIST CHURCH,

Debtor and Debtor-in-Possession.

Case No. 2:16-bk-15570-RK

**Chapter 11**

**ORDER GRANTING IN PART AND DENYING IN PART DEBTOR AND DEBTOR-IN-POSSESSION'S AMENDED MOTION FOR ORDER (1) AUTHORIZING THE SALE OF THE ESTATE'S INTERESTS IN REAL PROPERTY LOCATED AT 3420 DENVER AVENUE, LONG BEACH, CA 90810 FREE AND CLEAR OF ALL CLAIMS, LIENS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE DISTRIBUTION OF PROCEEDS FROM THE SALE**

**Hearing Date**
Date: October 4, 2016
Time: 3:00 p.m.
Ctrm: 1675
255 E. Temple Street
Los Angeles, CA 90012

On October 4, 2016, this Court conducted a hearing on the Amended Motion for Order (1) Authorizing the Sale of the Estate's Interests in Real Property Located at 3420 Denver Avenue, Long Beach, CA 90810, Free and Clear of All Claims, Liens, and Interests Pursuant to 11 U.S.C. § 363; and (2) Authorizing the Distribution of Proceeds from the Sale (the "Amended Motion" and/or the "Amended Motion to Sell") filed by St. Luke Baptist Church, dba St. Luke Holy Baptist

Church, Debtor and Debtor-in-Possession herein ("Debtor"). Appearances were as stated on the record. Having considered the Amended Motion to Sell and the declarations in support of the Amended Motion to Sell, and based upon the other pleadings and documents on file in this Chapter 11 case as well as the evidence proffered and arguments and agreement of counsel made at the hearing on the Amended Motion,

**IT IS HEREBY FOUND AND CONCLUDED**, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), that:

A. On April 28, 2016, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

B. The Court has jurisdiction over the Amended Motion to Sell pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this chapter 11 case and the Amended Motion to Sell in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Proper, timely, adequate, and sufficient notice of the Amended Motion to Sell, the hearing on the Amended Motion to Sell, the sale of the real property located at 3420 Denver Avenue, Long Beach, CA 90810 (the "3420 Denver Avenue Property") and the relief granted in this Order has been provided in accordance with Sections 102(1), 105(a), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and all applicable Local Bankruptcy Rules, and such notice was otherwise good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Amended Motion to Sell or the entry of or relief granted in this Order is required. A reasonable opportunity to object or be heard with respect to the Amended Motion to Sell and the relief requested therein has been afforded to all interested persons and entities.

D. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the 3420 Denver Avenue Property. The Debtor marketed the 3420 Denver Avenue Property and conducted the sale process in compliance with the procedures as set forth in the Amended Motion. Ignacio Gonzalez and Alba Sanchez (the "Purchasers") were the only bidders for the purchase of the 3420 Denver Avenue Property.

E. The bid submitted by the Purchasers is the highest and best offer for the 3420 Denver Avenue Property. The consideration to be paid by the Purchasers for the purchase of the 3420 Denver Avenue Property constitutes reasonably equivalent value for the 3420 Denver Avenue Property.

F. The decision to enter into the sale of the 3420 Denver Avenue Property reflects the exercise of the sound business judgment of the Debtor.

G. The Debtor has full power and authority to complete the sale of the 3420 Denver Avenue Property and to execute such other and further documents as are reasonably necessary to complete the transactions contemplated thereby.

H. Approval of the sale of the 3420 Denver Avenue Property and its consummation at this time is in the best interests of the Debtor, its creditors, and the bankruptcy estate.

I. The Debtor has demonstrated good, sufficient, and sound business purpose and justification for the sale of the 3420 Denver Avenue Property. The Debtor has also demonstrated compelling circumstances for the sale of the 3420 Denver Avenue Property, without first filing and confirming a plan of reorganization or liquidation in this case.

J. The sale of the 3420 Denver Avenue Property was negotiated, proposed, and entered into by the Debtor and the Purchasers without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchasers have engaged in any conduct that would cause or permit the sale of the 3420 Denver Avenue Property to be avoided under, or that would otherwise implicate, Section 363(n) of the Bankruptcy Code.

K. The terms and conditions of the sale of the 3420 Denver Avenue Property, including the purchase price to be paid by the Purchasers, (i) are fair and reasonable, (ii) represent the highest and best offers for the 3420 Denver Avenue Property, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical alternative, and (iv) constitute fair consideration.

L. The Debtor may sell the 3420 Denver Avenue Property free and clear of any and all liens, claims, interests, encumbrances, debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands,

guaranties, options, rights, contractual commitments, restrictions, interests, and matters of any kind or nature, whether incurred voluntarily or arising by operation of law, in the United States or elsewhere, arising prior to the sale of the 3420 Denver Avenue Property or relating to acts occurring prior thereto, whether imposed by agreement, understanding, law, equity or otherwise and whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise (the foregoing are collectively referred to as “Encumbrances” herein) because one or more of the requirements set forth in Section 363(f) of the Bankruptcy Code has been satisfied. Specifically, for example: subsection 363(f)(2) is satisfied because Debtor’s two secured creditors, BDM Mortgage, Inc. (“BDM Mortgage”) and the Southwest Baptist Conference (“Southwest Baptist”) did not object to the Amended Motion to Sell and therefore have consented to the relief requested by the Amended Motion conditioned upon the payment of the proceeds of the sale as set forth in paragraph 7 hereinbelow. The interests of non-debtor parties with Encumbrances of any kind or nature whatsoever in the 3420 Denver Avenue Property are adequately protected because such Encumbrances shall attach to the proceeds of the sale of the 3420 Denver Avenue Property to the same extent (and in the same priority and subject to the same limitations) as such Encumbrances attached to the 3420 Denver Avenue Property immediately before the completion of the sale.

M. Among other things, pursuant to Section 363(f) of the Bankruptcy Code, this Order provides for the sale of the 3420 Denver Avenue Property to the Purchasers free and clear of any and all Encumbrances, with any such Encumbrances to attach to the sale proceeds to be received by the Debtor with the same validity and priority as existed prior to the sale.

N. The Debtor has good and valid title to the 3420 Denver Avenue Property, and the transfer of the 3420 Denver Avenue Property to the Purchasers will vest the Purchasers with good and marketable title to the 3420 Denver Avenue Property, free and clear of any and all Encumbrances.

O. There is no legal or equitable reason to delay the sale. Cause exists to waive and not apply any stay imposed by Bankruptcy Rule 6004(h) or any other applicable rule or law. This Order shall be effective and enforceable immediately upon entry hereof.

P. No secured claimant has filed an objection to the Motion to Sell.

Q. The proceeds of the sale of the 3420 Denver Avenue Property shall be distributed as set forth in paragraph 7 hereinbelow.

R. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

Based upon the record in this case and the findings of fact and conclusions of law set forth hereinabove, pursuant to Bankruptcy Rules 6004, 7052 and 9014,

**IT IS HEREBY ORDERED THAT:**

1. The Amended Motion to Sell is granted ~~in all respects~~ **(see discussion below).** All objections to the Amended Motion to Sell and any opposition to those matters necessary for approval of the Amended Motion to Sell, and entry of this Order, if any, that have not been withdrawn, waived, or settled are hereby overruled on the merits. All persons and entities given notice of the Amended Motion to Sell that failed to timely object thereto are deemed to consent to the relief sought therein including without limitation all non-debtor parties to any executory contracts and unexpired leases.

2. All of the terms of the sale of the 3420 Denver Avenue Property to Purchasers, as set forth in full in the Amended Motion and Residential Purchase Agreement and Joint Escrow Instructions attached as Exhibit "1" to the Amended Motion to Sell, are hereby approved in all respects. Transfer of the 3420 Denver Avenue Property by the Debtor to the Purchasers shall be a legal, valid and effective transfer of Debtor's interests in the 3420 Denver Avenue Property free and clear of any and all Encumbrances. The closing of the sale of the 3420 Denver Avenue Property and the other transactions contemplated thereby are hereby approved and authorized under Section 363(b) of the Bankruptcy Code.

3. Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to and shall sell, and the Purchasers shall buy, the 3420 Denver Avenue Property free and clear of any and all Encumbrances. Any Encumbrances that encumber or are found to encumber or purport to encumber the 3420 Denver Avenue Property shall be transferred to and

attach to the Debtor's net proceeds of the sale of the 3420 Denver Avenue Property to the same extent, in the same validity, and in the same priority that they encumbered the 3420 Denver Avenue Property prior to the sale of the 3420 Denver Avenue Property. For the avoidance of doubt, the 3420 Denver Avenue Property shall be sold to the Purchasers free and clear of any and all Encumbrances.

4. In furtherance of the foregoing, the Purchasers are not assuming nor shall the Purchasers in any way whatsoever be liable or responsible, as successors or otherwise, for any Encumbrances of or against the Debtor or Encumbrances in any way whatsoever relating to or arising from the 3420 Denver Avenue Property or the Debtor's operations or use of the 3420 Denver Avenue Property on or prior to the completion of the sale (in each case, including, without limitation, any Encumbrances that result from, relate to, or arise out of tort, product liability, or other claims, in the United States or elsewhere), or any Encumbrances calculable by reference to the Debtor or its assets or operations, or relating to continuing conditions existing on or prior to the completion of the sale, which Encumbrances are hereby extinguished insofar as they may give rise to successor or other liability of the Purchasers, without regard to whether the claimant asserting any such Encumbrances has delivered to the Purchasers a release thereof.

5. All parties holding Encumbrances of any kind or nature whatsoever against or in the Debtor, or the 3420 Denver Avenue Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the 3420 Denver Avenue Property, the operation of the Debtor's businesses prior to the transfer of the 3420 Denver Avenue Property to the Purchasers, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Encumbrances against the Purchasers, its successors or assigns, property, or assets, whether or not a party asserting any such Encumbrance has delivered to the Purchasers a release thereof.

6. The Debtor is further authorized and directed to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, and instruments of

transfer and take such other action that may be reasonably necessary or appropriate to perform the terms and provisions of the sale.

7. At or promptly after the closing of the sale of the 3420 Denver Avenue Property, the Debtor and the escrow holder are authorized and directed to pay directly from escrow the proceeds of the sale:

a. No Payment of Broker. There are no brokerage or finder's fee or commissions payable to any parties;

b. Payment of Escrow and Title. Debtor's own portion (one half) of the Escrow Fee and for owner's title insurance from the purchase price of the 3420 Denver Avenue Property;

c. Payment for Inspections and Reports, and Government Requirements and Retrofit. All expenses relating to inspections and reports, and government requirements and retrofits necessary to complete the sale of the 3420 Denver Avenue Property, including, without limitation, the costs for a natural hazard zone disclosure report, for smoke detector installation and/or water heater bracing, and for the cost of compliance with any minimum mandatory government retrofit standards, inspections, and reports if required as a condition of closing escrow under any law;

d. Transfer Costs. The County transfer tax or transfer fee and the City transfer tax or transfer fee;

e. Real Property Taxes. All unpaid real estate taxes owing to the Los Angeles County Tax Collector;

f. Secured Claims.

i. Approximately $75,352.00, or the amount of BDM Mortgage's secured claim, to secured creditor, BDM Mortgage, on account of BDM Mortgage's secured claim;

ii. Approximately $164,302.38, or the amount of Southwest Baptist's secured claim, to secured creditor, Southwest Baptist, on account of Southwest Baptist's secured claim;

~~g. Administrative Expense Claims.~~

~~i. $5,000 to Debtor, segregated in a debtor-in-possession account for payment of the United States Trustee fees and to be paid once payment is required;~~

~~ii. $45,000 to Debtor, segregated in a debtor-in-possession account for payment of Haberbush & Associates, LLP's professional fees and to be paid once payment is permitted;~~

~~h. Priority Unsecured Claim of the Internal Revenue Service. No payment to the Internal Revenue Service on account of its amended proof of claim for $0.00.~~

~~i. General Unsecured Claims.~~

~~i. $553.57 to unsecured creditor, Staples, Inc., on account of Staples, Inc.'s general unsecured claim; and~~

~~ii. $650.00 to unsecured creditor, the United States Trustee, on account of the United States Trustee's general unsecured claim.~~

**The court on its own motion strikes out the above provisions in the proposed order on the sale motion because although requested in the motion, such relief is inconsistent with the general rule under the Bankruptcy Code and Rules requiring that distributions to creditors be made after a plan is confirmed by the court. *In re Air Beds, Inc.,* 92 B.R. 419, 422-424 (9th Cir. BAP 1988)("The general rule is that a distribution on pre-petition debt in a Chapter 11 plan should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances."), *citing inter alia,* 11 U.S.C. §§ 363(b)(1) and 1123(a)(5); Fed. R. Bankr. P. 3021; *see also,* 11 U.S.C. §§ 363(b) and (c)(1)(administrative expenses incurred in the ordinary course of business may be paid without court order, but those not in the ordinary course need a court order, meeting the appropriate legal standard for "immediate payment". *See, e.g., In re Cardinal Industries, Inc.,* 109 B.R. 738, 742-743 (Bankr. S.D. Ohio 1989) and *In re Western Farmers Association,* 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981), cited in 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:730 at 17-89 (2015)). While debtor may be contemplating a structured dismissal based on settlement of various disputes, which may justify a distribution to creditors outside a plan under the**

**"extraordinary circumstances" exception, the exception was not discussed here, nor raised in a motion to approve a structured dismissal, and the circumstances otherwise do not warrant an exception to the general rule here on this record. The court should have caught these offending provisions earlier, though it appears that they were buried in what appeared to be a straightforward sale motion under 11 U.S.C. § 363 to sell estate property outside the ordinary course of business. The court regrets not having caught these improper provisions earlier.**

**The court further orders that any surplus escrow proceeds from the sale be deposited into the debtor-in-possession bank account maintained in this case**.

8. At or promptly after completion of the sale of the 3420 Denver Avenue Property, the Debtor is authorized and directed to distribute the proceeds of the sale as set forth in paragraph 7 hereinabove, and should proceeds of the sale exceed the amounts indicated in paragraph 7 hereinabove, Debtor shall place the proceeds into a segregated debtor-in-possession account. No distributions of these segregated funds shall be made except upon further order of this Court.

9. This Order is and shall be effective as a determination that, at the completion of the sale of the 3420 Denver Avenue Property, all Encumbrances existing as to the 3420 Denver Avenue Property prior to the completion of the sale have been unconditionally released, discharged and terminated as charges against the 3420 Denver Avenue Property and/or the Purchasers (but not as against any other person or entity or the proceeds of the sale, to which the Encumbrances attach as previously provided, or as against the Debtor's estate, to which Encumbrances remain assertable).

10. Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, this Order shall be effective and enforceable immediately upon entry hereof. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot in the event that the Purchasers and the Debtor elect to close prior to this Order becoming a final, non-appealable order.

11. Nothing contained in any plan of reorganization or liquidation confirmed in the Debtor's Bankruptcy Case or any order of this Court confirming such plan or any other order entered in the Debtor's Bankruptcy Case shall conflict with or derogate from the provisions of this Order.

12. Good cause, valid reasons (**except as discussed above)**, and the record of this case amply support entry of this Order. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). This Order shall be effective, and the parties may consummate the transactions approved by this Order, immediately upon entry of this Order. Except as set forth expressly herein to the contrary, no further notice or Court appearance shall be necessary to effectuate the foregoing.

**IT IS SO ORDERED.**

###

Date: October 11, 2016

Robert Kwan
United States Bankruptcy Judge